1  Sean D. Beatty (Bar No. 155328)
   *sbeatty@beattymyers.com*
2  John W. Myers IV (Bar No. 179975)
   *jmyers@beattymyers.com*
3  BEATTY & MYERS, LLP
   444 West Ocean Boulevard, Suite 900
4  Long Beach, California 90802
   Telephone:   (562) 606-1530
5  Fax:          (562) 268-1141

6  Attorneys for defendant Toyota Motor Sales, U.S.A., Inc.

7

8

9            UNITED STATES DISTRICT COURT

10    CENTRAL DISTRICT OF CALIFORNIA – EASTERN DIVISION

11

12  ROBERT SQUILLACE, an individual,          Case No.

13                              Plaintiff,    **NOTICE OF REMOVAL BY
                                              DEFENDANT TOYOTA MOTOR
14  v.                                        SALES, U.S.A., INC. PURSUANT
                                              TO 15 U.S.C. §§ 2301 ET SEQ.**
15  TOYOTA MOTOR SALES, U.S.A.,
    INC., a California corporation; and DOES
16  1 through 10, inclusive,

17                              Defendants.

18

19  TO THE CLERK OF THE ABOVE-ENTITLED COURT:

20        PLEASE TAKE NOTICE THAT, pursuant to 15 U.S.C. §§ 2301 et seq.,

21  defendant Toyota Motor Sales, U.S.A., Inc., ("TMS"), by and through their

22  undersigned counsel, give notice that they are removing this action, entitled *Robert*

23  *Squillace v. Toyota Motor Sales, U.S.A., Inc.* No. CIVSB2028888, currently

24  pending in the Superior Court of California, County of San Bernardino, to the

25  United States District Court for the Central District of California.  The United

26  States District Court for the Central District of California has original jurisdiction

27  over this action pursuant to 28 U.S.C. § 1441(a), and this action may be removed

28  to this court pursuant to 28 pursuant to U.S.C. §1446(a), because the action is

TMS2011634\PLEADINGS\FEDERAL\RPET01                    1

NOTICE OF REMOVAL BY DEFENDANT TOYOTA MOTOR SALES, U.S.A., INC.

1  currently pending in the California Superior Court for the County of San

2  Bernardino.

3  ## PROCEDURAL FACTS

4      1.    On December 23, 2020, Plaintiff Robert Squillace filed a Complaint

5  against TMS ("Defendant") in the Superior Court of the State of California,

6  County of Los San Bernardino, entitled *Robert Squillace v. Toyota Motor Sales,*

7  *U.S.A., Inc.* and identified as Case No. CIVSB2028888.  Attached as Exhibit A, is

8  a true and correct copy of the Complaint.

9      2.    The Superior Court of California, County of San Bernardino, is

10  located within the geographical boundaries of the United States District Court for

11  the Central District of California, Eastern Division. *See* 28 U.S.C. § 84(c)(2); 28

12  U.S.C. § 1441(a).

13      3.    In accordance with 28 U.S.C. § 1446(d), Defendant will serve plaintiff

14  with a copy of this Notice of Removal, and the Notice of Filing of Notice of

15  Removal and supporting papers it is filing with the Clerk of the Superior Court of

16  California, County of San Bernardino.

17  ## BACKGROUND FACTS

18      4.    Plaintiff's action is based upon alleged defects in his 2019 Lexus ES

19  300h VIN JTHB21B11K2026045 ("Vehicle").  Plaintiff alleges his Vehicle has a

20  defective sunroof. Complaint, paras. 5-6.  Plaintiff alleges that TMS was "unable

21  to conform Plaintiff's vehicle to the applicable express in violation of the federal

22  Magnuson-Moss Warranty Act ("Magnuson-Moss"); and that TMS breached the

23  implied warranty of merchantability under Magnuson-Moss.  TMS is also sued for

24  unfair business practices under California's Unfair Competition Law ("UCL")

25  found at California Business and Professions Code section 17200, et seq. and for

26  violation of California's Consumers Legal Remedies Act ("CLRA"), found at

27  California Civil Code section 1750, et seq.  All causes of action are based on the

28  vehicle's sunroof defect.  See Complaint, paras. 5-9, 15, 21, 27-30, and 34-38.)  He

NOTICE OF REMOVAL BY DEFENDANT TOYOTA MOTOR SALES, U.S.A., INC.

1   does not allege that he has sustained any personal injuries in connection with the

2   alleged sunroof defect.

### TIMELINESS OF REMOVAL

4   5.      Pursuant to 28 U.S.C. §1446(b), Defendant files this Notice of

5   Removal within thirty days of service of the Summons and Complaint.  In *Destfino*

6   *v. Reiswig* (9th Cir. 2011) 630 F.3d 952, the Ninth Circuit of the United States

7   Court of Appeals held that "each defendant is entitled to thirty days to exercise his

8   removal rights after being served." *Id.* at 956.  Plaintiff served TMS with the

9   Summons and Complaint on February 5, 2021.  TMS has filed this Notice of

10  Removal within thirty days after being served.  Defendant, therefore, has timely

11  removed this action.

### STATEMENT OF CONSENT

13  6.      As evidenced below, TMS consents to the removal.  TMS is not

14  required to investigate the identity of the unnamed DOE defendants, or obtain their

15  consent for removal.  *See Necombe v. Adolf Coors Co.* (9th Cir. 1998) 157 F.3d

16  686, 690-91; 28 U.S.C. § 1441(a).

### REMOVAL BASED ON FEDERAL QUESTION JURISDICTION AS PLAINTIFF STATES CLAIMS ARISING UNDER FEDERAL LAW

19  7.      "The district courts shall have original jurisdiction of all civil actions

20  arising under the Constitution, laws, or treaties of the United States."  28 U.S.C.

21  §1331.

22  8.      An action "arises under" federal law, within the meaning of §1331, if

23  federal law creates the cause of action and/or grants federal jurisdiction to hear the

24  case. (*Empire Healthchoice Assur., Inc. v. McVeigh* (2006) 547 U.S. 677, 690.)

25  The "arising under" cause of action is satisfied whenever federal law creates the

26  cause of action, expressly or impliedly.  Although one of several claims does not

27  "arise under" federal law, removal is still appropriate if that claim is transactionally

28  related (i.e., "supplemental") to at least one substantial federal claim.  (*Zuniga v.*

1  *Blue Cross & Blue Shield of Michigan* (6th Cir. 1995) 52 F.3d 1395.)

2    9. Here, federal law expressly creates some of the claims brought by

3  plaintiff. Plaintiff alleges, among other things, that he has suffered damages

4  because TMS breached express and implied warranty obligations under the Federal

5  Magnuson-Moss Warranty Act, 15 U.S.C. §§ 2301, et seq. The Magnuson-Moss

6  Warranty Act (codified at 15 U.S.C. 2301, et seq.) is a federal statute that governs

7  warranties on consumer products.  Plaintiff's claims under the Magnuson-Moss

8  Warranty Act are expressly created by a federal statute, and thus arise under "the

9  Constitution, laws, or treaties of the United States."  28 U.S.C. § 1331.  Therefore,

10  this Court has original jurisdiction over such claims.

11    10. The amount in controversy requirement imbedded in Magnuson-Moss

12  is easily met here for this vehicle, as the purchase contract shows a total sales

13  price, including finance charges, of $52,065.80.  A true and correct copy of the

14  purchase contract is attached as Exhibit B.  Plaintiff alleges an entitlement to

15  rescission and restitution, incidental and consequential damages and attorney's

16  fees. Plaintiff specifically alleges that he "is entitled to restitution of all

17  consideration given" which includes the entire amount paid for the vehicle.

18  Complaint, paras. 17-19, 22-24, and 41-42.

19    11. The Court should exercise supplemental jurisdiction over the

20  remaining UCL and CLRA claims, which are related to the same vehicle/warranty

21  transaction, the same allegations of defects, and the same vehicle service/repair

22  history as the Magnuson-Moss Warranty Act claims.  *See* 28 U.S.C. § 1367(a);

23  *City of Chicago v. International College of Surgeons* (1997) 522 U.S. 156, 165.

24    11. By filing this Notice of Removal, TMS does not waive, either

25  expressly or impliedly, any defense, affirmative defense, or motion that may be

26  available or concede that plaintiff is entitled to any of the damages he claims.

27  TMS has filed an answer in the state court, generally denying the allegations in the

28  Complaint and asserting affirmative defenses.  A true and correct copy of TMS'

TMS2011634\PLEADINGS\FEDERAL\RPET01  4

**NOTICE OF REMOVAL BY DEFENDANT TOYOTA MOTOR SALES, U.S.A., INC.**

1    answer is attached as Exhibit C.

2           12.    **WHEREFORE**, defendant TMS remove this action from the

3    Superior Court, in and for the County of San Bernardino, California, to the United

4    States District Court for the Central District of California.

5

6           Dated: March 5, 2021            BEATTY & MYERS, LLP

7

8                                           _____
                                            SEAN D. BEATTY
9                                           JOHN W. MYERS IV
                                            Attorneys for defendant Toyota Motor Sales,
10                                          U.S.A., Inc.

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

TMS2011634\PLEADINGS\FEDERAL\RPET01                    5

**NOTICE OF REMOVAL BY DEFENDANT TOYOTA MOTOR SALES, U.S.A., INC.**